PEOPLE v WILKES

Opinion of the Court

1. Criminal Law—Plea of Guilty—Advice of Rights—Right to Confront Accusers—Court Rules.

   A defendant was not properly advised at a plea-taking proceeding of his right to confront his accusers where the judge merely told the defendant that he had the right to call witnesses in his own behalf and to cross-examine them; such advice does not comply with requirements set forth in a prior decision of the Supreme Court or with court rules (GCR 1963, 785.7[g][vi]).

Dissent by D. F. Walsh, J.

2. Criminal Law—Plea of Guilty—Advice of Rights—Right to Confront Accusers.

   *Literal compliance with the court rule governing the advice of a defendant's rights at a plea-taking proceeding is not required, and a defendant was adequately advised of his right to confront his accusers where the judge informed the defendant of his right to "cross examine" witnesses, thereby conveying the idea that the judge was speaking of adverse witnesses.*

Appeal from Recorder's Court of Detroit, James Del Rio, J. Submitted January 10, 1977, at Detroit. (Docket No. 29165.) Decided March 31, 1977.

Fredric L. Wilkes was convicted, on his plea of guilty, of two counts of armed robbery. Defendant appeals. Reversed.

*Frank J. Kelley,* Attorney General, *Robert A.*

References for Points in Headnotes

[1, 2] 21 Am Jur 2d, Criminal Law §§ 486–491, 505.

   Court's duty to advise or admonish accused as to consequences of plea of guilty, or to determine that he is advised thereof. 97 ALR2d 549.

*Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Research, Training and Appeals, and *Arthur N. Bishop,* Assistant Prosecuting Attorney, for the people.

*Norman R. Robiner,* for defendant on appeal.

Before: M. J. KELLY, P. J., and N. J. KAUFMAN and D. F. WALSH, JJ.

M. J. KELLY, P. J. Defendant pled guilty to two counts of armed robbery, MCLA 750.529; MSA 28.797, on March 12, 1976 and was sentenced to 6-1/2 to 15 years in prison. Defendant appeals by right and raises two allegations of error, one of which requires reversal.

Defendant argues that the plea proceeding was defective due to the trial judge's failure to advise him of his right to question and confront his accusers. The following colloquy took place:

*"The Court:* Do you understand that you have compulsory process for obtaining witnesses in your behalf. You have the right to question them and cross examine them through your attorney.
*"The Defendant:* Yes, sir."

We must hold that the plea was defective because the defendant was "not advised of his rights * * * to confront his accusers", *Guilty Plea Cases,* 395 Mich 96, 121; 235 NW2d 132 (1975). Because of the fact that this was in reality a sentence bargain rather than a plea bargain (the trial judge entered into the bargaining session and there is no claim that the defendant got other than what was promised) we feel that a valid waiver of *Boykin/*

*Jaworski*[1] rights should be presumed. However we also feel that any step in that direction should be taken by the Supreme Court and not by this Court.

The dissent implies that since one has no right to cross-examine his own witnesses, and this defendant was advised of his right to cross-examine witnesses, it necessarily connects such a right to the people's witnesses, adverse witnesses, the defendant's accusers. Such an interpretation is well within the realm of reason in the context of the plea bargaining, the presence, advice and participation of counsel; but falls short of literal compliance with *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972), and *Guilty Plea Cases, supra,* as well as GCR 1963, 785.7(g)(vi). Since a *Jaworski* defect cannot be corrected on remand this case must be reversed.

Reversed.

N. J. KAUFMAN, J., concurred.

D. F. WALSH, J., *(dissenting).* In *Guilty Plea Cases,* 395 Mich 96, 124; 235 NW2d 132 (1975), the Supreme Court said:

"A defendant who is advised of the right to question or cross-examine witnesses against him has been informed that he has a right to confront his accusers. * * * In advising of *Jaworski* rights, as of other 785.7(1)(d) rights, literal compliance is not required."

Although the colloquy between the court and the defendant does not contain a precise explanation of the right to confront one's accusers, I

[1] *Boykin v Alabama,* 395 US 288; 89 S Ct 1709; 23 L Ed 2d 247 (1969), *People v Jaworski,* 387 Mich 21; 194 NW2d 868 (1972).

believe that the defendant was adequately advised that he had such a right.

In my opinion, the use of the words "cross-examine" sufficiently conveys the idea that the court was speaking of adverse witnesses.

I would affirm the defendant's conviction.